GILL v. WATERHOUSE.

(Circuit Court, W. D. Washington, N. D. January 10, 1910.)

No. 1,633.

1. LIMITATION OF ACTIONS (§ 167*)—LIMITATIONS APPLICABLE TO PARTICULAR ACTIONS—ACTION ON WRITTEN GUARANTY.

An action on a written guaranty of any and all indebtedness of a third party to the promisee is one on a written contract, and under the statute of Washington is not barred by limitation until the expiration of six years from the time the right of action against the guarantor accrued, regardless of whether an action against the principal debtor would be barred.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 167.*]

2. LIMITATION OF ACTIONS (§ 53*)—ACCRUAL OF RIGHT OF ACTION—ACTION ON CONTRACT OF GUARANTY.

In an action on a written guaranty of any and all indebtedness of a third party to a bank, whether then existing or thereafter contracted, where such indebtedness was in part for money borrowed and in part on open accounts containing items of debit and credit, the entire account therefor is to be treated as a single current and mutual account for the purpose of the statute of limitations, and under Pierce's Code Wash. § 290 (Ballingers' Ann. Codes & St. § 4806), limitations commenced to run in favor of the original debtor at the date of the last item, and also, unless a demand was necessary under his contract, in favor of the guarantor.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 53.*]

At Law. Action by John Gill against Frank Waterhouse. On demurrer to amended complaint. Demurrer overruled.

Hughes, McMicken, Dovell & Ramsey, for plaintiff.
Bogle & Spooner, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HANFORD, District Judge. This action is founded upon a written contract, of which the following is a copy:

"To the Commercial Bank of Scotland, Limited:

"I, Frank Waterhouse, merchant, Tacoma, Washington, United States, America, hereby guarantee you payment of all sums of which Frank Waterhouse, Limited, of 147 Cannon street, London, whether on an account or accounts kept in their name in your books and operated on for them by checks or drafts signed by two of their directors and their secretary, all for the time, or on bills, promissory notes or other obligations, are or may be liable to you; but the amount for which I shall be liable under this guaranty shall not exceed twenty-one thousand pounds sterling, with interest from the date or dates at which the said Frank Waterhouse, Limited, have become or shall become indebted to you. And I declare (1) that you shall be entitled to require from me, whenever you think fit, a payment or payments to account of my liability; (2) that you may grant to the said Frank Waterhouse, Limited, or to the obligants in any bills of exchange or promissory notes or other writings received by you from them, or in which they may be liable to you, time or other indulgence, and compound with them or such obligants, and may give up any securities which you now have or may hereafter have belonging to the said Frank Waterhouse, Limited, or to others, all without consulting me, and without affecting my obligation to you; (3) that I shall not be entitled to rank on the estate of the said Frank Waterhouse, Limited, in respect to any payment or payments to account as aforesaid, nor to have the benefit of any securities such as aforesaid until your whole claims against them are satisfied; and (4) that this guaranty is a continuing obligation, and can be recalled by me only by writing, and shall remain in force notwithstanding my death until recalled in writing, and shall apply to all sums for which the said Frank Waterhouse, Limited, shall become indebted to you prior to such recall.

"In Witness Whereof, these presents are subscribed by me at London on the sixteenth day of February, eighteen hundred ninety nine, before these witnesses, Andrew Whitlie, manager, and William Bamford Lang, accountant, both of your branch there.          [Signed]    Frank Waterhouse.

"[Signed]    And. Whitlie, Witness,
"[Signed]    W. B. Lang, Witness."

The plaintiff sues as assignee of the original promisee. A demurrer to the original complaint was sustained by the court for the reason that a demand upon the defendant for payment and his refusal to pay was alleged, and the date of said demand was omitted, and the pleading did not contain a clear statement showing that the action was commenced within the period prescribed for the commencement of actions by the statute of limitations of this state. By leave of the court an amended complaint has been filed, which has also been attacked by a demurrer on the ground that the action is barred by our statute of limitations. In ruling upon the former demurrer, the court held that this action is founded upon a written contract, and not barred by our statute of limitations, if the cause of action accrued less than six years previous to the date of filing the complaint. To that extent the decision was adverse to the contention of the defendant that the action is barred because an action upon an open current account against the principal debtor would be barred in this state by the statute which prescribes three years as the limit of time within which such an action may be commenced. That contention rests on an assumption that the bar of the statute extinguishes the debt, and necessarily the obligation of the guarantor is discharged whenever the principal debtor becomes unburdened of liability. The court now adheres to the opinion previously expressed. Therefore the vital

question to be decided is: Did six years elapse between the time when the cause of action accrued, and the commencement of this action?

By the amended complaint it is alleged that between the 18th day of March, 1898, and the 31st day of October, 1903, the promisee advanced and loaned to the principal debtor sums of money amounting in the aggregate, with interest added, to more than the amount guaranteed, and that after crediting all payments the balance remaining unpaid exceeds the amount guaranteed; that from time to time between the dates above mentioned, at the special instance and request of the principal debtor and of the defendant, the promisee granted "to the said defendant time and indulgence upon the indebtedness and the various items thereof" until the 31st day of October, 1906, on which date the promisee made a formal demand upon the defendant for payment, which was then refused. This action was commenced January 3, 1908. The complaint refers to three separate accounts, itemizing the transactions between the promisee and the principal debtor, copies of which are annexed as exhibits, and the demurrer attacks the complaint in its entirety, and specifically each of the three accounts as if they were distinct and separate causes of action. One of said accounts, denominated "Loan Account," contains no item of debit or credit subsequent to the date on which the guaranty contract was executed, except a charge of accrued interest. The other two accounts appear to be current accounts, containing debit and credit items. One of them extends from March 18, 1898, to August 6, 1903, there being no interval of one year between the dates of items. The third account contains three cash items dated in the year 1898, one dated in 1900, one in the year 1901, and two in the year 1903. From time to time between the 7th day of May, 1898, and the 31st day of October, 1903, charges for interest on the loan account were entered in the other two accounts, and statements of the accounts were from time to time, up to and including said 31st day of October, 1903, rendered to the debtor and to the defendant, and were assented to by both. The Code of this state prescribes that:

"In an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side, but whenever a period of more than one-year shall have elapsed between any of the series of items or demands, they are not to be deemed such an account." Pierce's Code 1905, § 290 (Ballinger's Ann. Codes & St. § 4806).

Keeping in mind the fact that this action is founded upon the written contract of guaranty, which comprehends the indebtedness existing at the time of its execution as well as the indebtedness subsequently incurred, the court holds that, for the purpose of deciding the questions raised by this demurrer, the three accounts must be treated as one general, open, current, and mutual account, and therefore the date of the last cash item, to wit, October 30, 1903, is the date on which a cause of action upon the account became fully matured, and that is the date on which the statute of limitations commenced to run in favor of the original debtor, and, unless a formal

demand upon the guarantor is an essential prerequisite to the commencement of an action against him upon the written guaranty, the same date marks the beginning of the statutory period within which an action might be commenced against him. If the demand upon the guarantor had been made, and the contract broken by his refusal to pay, on a date more than six years previous to the commencement of the action, the bar of the statute would be absolute, because by the terms of the contract the holder of the obligation was authorized to demand payment of all or any part of the indebtedness at any time, and whenever payment was demanded, and refused, there would be a complete and distinct cause of action for the amount then due, and failure to commence an action within six years, in the face of persistent refusal to pay, would raise a presumption of acquiescence on the part of the holder. But in this case, on the showing made by the amended complaint, it is immaterial whether the date of the last item in the account or the date of the demand shall be considered as the beginning of the period of the statute. This is so for the reason that the action was commenced less than six years from the most remote of the two dates referred to.

Demurrer overruled.